UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 SEP 12  PM 3: 20

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| ANDRE LEVESQUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 5:12-cv-159 |
| | ) |
| STATE OF VERMONT, VERMONT | ) |
| STATE HOSPITAL, MAYOR'S | ) |
| OFFICE BURLINGTON, VT, PUBLIC | ) |
| DEFENDER'S OFFICE VT, SUPREME | ) |
| COURT OF VT, VERMONT | ) |
| ATTORNEY GENERAL'S OFFICE, | ) |
| SOUTH BURLINGTON POLICE | ) |
| DEPARTMENT, BURLINGTON | ) |
| POLICE DEPARTMENT, | ) |
| SHELBURNE POLICE | ) |
| DEPARTMENT, VT STATE POLICE, | ) |
| FLETCHER ALLEN HEALTHCARE, | ) |
| RUTLAND REGIONAL | ) |
| MEDICAL CENTER, WASHINGTON | ) |
| COUNTY SHERIFF'S DEPARTMENT, | ) |
| VERMONT GOVERNOR'S OFFICE, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, EDWARD | ) |
| SOYCHEK, SCOTT KLINE, PUBLIC | ) |
| DEFENDER BACHUS, BERNIE | ) |
| SANDERS, ROBERT WOLFORD, | ) |
| DR. PELITIER, DR. MONSUN, DR. | ) |
| DUNKEN, DR. SYMPATICO, DR. | ) |
| SANDRA STEINGARD, HOWARD | ) |
| DEAN, PLOOSTIENERS, PUBLIC | ) |
| DEFENDER HESSLER, HOWARD | ) |
| CENTER, INC., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ORDER GRANTING
## DEFENDANTS' PENDING MOTIONS TO DISMISS
(Docs. 34, 35, 41, 45, 47, 67, 69, 74, 76, 79, 80)

Plaintiff Andre Levesque ("Mr. Levesque") brings this action pursuant to 42 U.S.C. § 1983, alleging various forms of mistreatment by the following Defendants: Washington County Sheriff's Department ("WCSD"); Burlington Police Department ("BPD"); Mayor's Office Burlington, VT ("the Burlington Mayor's Office"); Rutland Regional Medical Center ("RRMC"); Shelburne Police Department ("SPD"); South Burlington Police Department ("SBPD"); Edward Soychek ("Sergeant Soychek"); Howard Center, Inc. ("Howard Center"); Robert Wolford ("Mr. Wolford"); Dr. Sandra Steingard ("Dr. Steingard"); Bernie Sanders ("Senator Sanders"); Fletcher Allen Healthcare ("FAHC"); United States Department of Homeland Security ("DHS"); Public Defender's Office VT ("Defender General"); Supreme Court of Vermont ("VSC"); Vermont Attorney General's Office ("VTAG"); Vermont State Police ("VSP"), Vermont Governor's Office ("VGO"); Scott Kline ("Mr. Kline"); Public Defender Bachus ("Mr. Bachus"); Public Defender Hessler ("Mr. Hessler"); Dr. Pelitier; Dr. Monsun; Dr. Dunken; Howard Dean; and Ploosteiniers. All claims against Defendants State of Vermont (the "State") and Vermont State Hospital ("VSH") have been dismissed pursuant to this court's January 29, 2014 Opinion and Order. (Doc. 27.)

The following motions are now pending: WCSD's Motion to Dismiss for Failure to State a Claim (Doc. 34); Burlington Mayor's Office and BPD's Motion to Dismiss for Failure to State a Claim (Doc. 35); RRMC's Motion to Dismiss for Failure to State a Claim (Doc. 41); SPD, SBPD, and Sergeant Soychek's Motion to Dismiss for Failure to State a Claim (Doc. 45); Howard Center's Motion for a More Definite Statement (Doc. 47); Senator Sanders's Motion to Dismiss for Failure to State a Claim (Doc. 67); FAHC's Motion to Dismiss for Failure to State a Claim (Doc. 69), Mr. Wolford's Motion to Dismiss for Failure to State a Claim (Doc. 74); Dr. Steingard's Motion to Dismiss for Failure to State a Claim (Doc. 76); DHS's Motion to Dismiss for Failure to Establish a Waiver of Sovereign Immunity and Failure to State a Claim (Doc. 79); and State

Defendants' Second Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 80). These motions are unopposed.

## I.     Factual Background and Procedural History.

On July 20, 2012, Mr. Levesque filed an initial Complaint in this matter, alleging among other claims that the State and VSH "threatened, har[]assed, intimidated, tortured and poisoned" him in retaliation for "speaking out" against a state employee who allegedly attacked him in 1976. (Doc. 1 at 2.) On February 28, 2013, the court granted the State and VSH's motion to dismiss the initial Complaint. The court granted Mr. Levesque leave to amend the initial Complaint to supplement his allegations with respect to his denial of court access claim.[1]

In his 48-page Amended Complaint, filed on March 25, 2013, Mr. Levesque alleges new claims against new Defendants which are generally unrelated to his denial of court access claim. For example, Mr. Levesque alleges that police officers ordered him to "kill children" (Doc. 13 at 12) and charged him with crimes he did not commit, and he alleges that various medical professionals and institutions have threatened and coerced him. He claims that Defendants violated his constitutional rights under the First, Second, Fourth, Eighth, and Fourteenth Amendments. He also claims Defendants violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101-213, and the Crime Victims' Rights Act of 2004 ("CVRA"), 18 U.S.C. § 3771. The Amended Complaint demands the following relief: (1) reinstatement of Mr. Levesque's driver's license; (2) a "pardon"; (3) medical marijuana; (4) an end to his "exile from Vermont"; (5) $100 million in damages; and (6) $1.6 trillion in "lost revenue." (Doc. 13 at 32.)

On January 29, 2014, the court granted the State's and VSH's second motion to dismiss and denied without prejudice Mr. Levesque's motion for service of the Amended Complaint by the U.S. Marshals Service. After the court granted Mr. Levesque's application for leave to proceed *in forma pauperis* on February 18, 2014, the court

---

[1] Mr. Levesque initially alleged that the State denied him access to the Vermont Superior Court and detained him while he was on his way to the courthouse to testify about certain state employees.

directed the U.S. Marshals Service to serve the Amended Complaint on all newly-named Defendants.

## II.    Conclusions of Law and Analysis.

### A.    Standard of Review.

Defendants seek dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. It is well-settled that the "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)). A facially-sufficient complaint may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a Rule 12(b)(1) motion to dismiss, the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiff [ ]." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When a motion to dismiss cites Rule 12(b)(1) in conjunction with other grounds for dismissal, "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (citation omitted).

4

Although the pending motions to dismiss are unopposed, Mr. Levesque's lack of opposition is not dispositive. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("If [the] complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to [the] Rule 12(b)(6) motion[s] does not warrant dismissal."). Because Mr. Levesque is self-represented, his "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

### B.   Rule 12(b)(1) Motions.

#### 1.   DHS's Motion to Dismiss.

DHS moves to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The Amended Complaint alleges that an unnamed former state police officer, who mistreated Mr. Levesque when he was fourteen, now works for DHS. The Amended Complaint also alleges Mr. Levesque was "subjected" by DHS to unspecific conduct, and "[t]he USA does torture you if you speak up and out about person[nel]." (Doc. 13 at 18.) DHS argues that the doctrine of sovereign immunity bars Mr. Levesque's claims, and the Amended Complaint does not state a plausible claim for relief.

Under the doctrine of sovereign immunity, this court lacks subject matter jurisdiction to hear suits against the United States absent consent. *See United States v. Dalm*, 494 U.S. 596, 608 (1990) ("[T]he terms of [the United States'] consent to be sued in any court define [the] court's jurisdiction to entertain the suit."); *see also Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999) ("In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity."). "The sovereign immunity of the United States may only be waived by a federal statute." *Id.* An action against a federal agency, such as DHS, "is essentially a suit against the United States" and also barred

5

absent a statutory waiver. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

The legal basis of Mr. Levesque's claims against DHS is unclear. Even if construed as a claim brought under the Federal Tort Claims Act ("FTCA"), which provides a limited waiver of sovereign immunity, DHS is not a proper party defendant, because "[u]nder the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit." *Langella v. Bush*, 306 F. Supp. 2d 459, 464 (S.D.N.Y. 2004) (citing 28 U.S.C. § 2679(a) and *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975)). Nor does the Amended Complaint invoke any federal statute that would permit Mr. Levesque to bring suit against the United States or DHS in federal court. Because the doctrine of sovereign immunity bars any claim against DHS, DHS's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Fed. R. Civ. P. 12(b)(1). The court therefore does not reach DHS's further argument that Mr. Levesque's allegation that DHS or some other government entity subjected him to torture is vague, conclusory, and not sufficiently plausible to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

## 2. State Defendants' Second Motion to Dismiss.

State Defendants[2] move to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the Eleventh Amendment bars Mr. Levesque's claims against all of the remaining State of Vermont entities and officials named in the Amended Complaint. Mr. Kline separately argues that he is entitled to absolute immunity for actions undertaken by him as a State's Attorney. Mr. Bachus and Mr. Hessler separately argue that the Amended Complaint fails to state claims against them, pursuant to Fed. R. Civ. P. 12(b)(6), because they are not state actors within the meaning of 42 U.S.C. § 1983.

---

[2] The State Defendants' motion was filed on behalf of the following Defendants: Defender General, VSC, VTAG, VSP, VGO, Mr. Kline (in his official capacity as a former State's Attorney), and Mr. Bachus and Mr. Hessler (in their official capacities as former public defenders).

This court's January 29, 2014 Opinion and Order granted the State of Vermont's and VSH's motion to dismiss the Amended Complaint for lack of subject matter jurisdiction on Eleventh Amendment immunity grounds. *Levesque v. State of Vermont,* No. 5:12-cv-00159-cr at *7 (D. Vt. Jan. 29, 2014). The same reasoning applies here. The State of Vermont has not consented to suits against itself or its agencies in federal court and has preserved its Eleventh Amendment immunity by statute. *Id.* (*citing* 12 V.S.A. § 5601(g)). Unless a state consents to suit or provides an express or statutory waiver of immunity, the Eleventh Amendment bars suits against states and state agencies in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).

The Defender General, VSC, VTAG, VSP, and VGO are all Vermont state agencies immune from suit. *See Madden v. Vermont Supreme Ct.*, 236 Fed. App'x 717, 718 (2d Cir. 2007) (affirming dismissal of claim against VSC on Eleventh Amendment immunity grounds); *Woodman v. Vermont State Police (St. Johnsbury)*, No. 1:12-cv-43-jgm, at *2 (D. Vt. Nov. 6, 2012) (ruling VSP entitled to Eleventh Amendment immunity); *Russo v. Vermont*, No. 1:10-cv-296 at *5 (D. Vt. July 29, 2011) (holding VTAG and Defender General entitled to Eleventh Amendment Immunity).

Mr. Levesque sues Mr. Kline, Mr. Bachus, and Mr. Hessler for damages in their official capacities. They, too, are entitled to Eleventh Amendment immunity. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) (citations omitted) (where state official sued in official capacity, suit is deemed to be against the state for Eleventh Amendment immunity purposes). Accordingly, State Defendants' motion to dismiss is GRANTED, and all claims against the Defender General, VSC, VTAG, VSP, VGO, Mr. Kline, Mr. Bachus, and Mr. Hessler are DISMISSED for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

To the extent Mr. Levesque brings suit against Mr. Kline in his individual capacity for his conduct while serving as a State's Attorney, Mr. Kline is entitled to absolute immunity. The Amended Complaint alleges that Mr. Levesque "went to [t]he District Attorney[']s office . . . and Scott Kline [l]aughed me out of his office" suggesting that

7

Mr. Kline refused to prosecute a crime Mr. Levesque reported. (Doc. 13 at 8.) Mr. Kline is entitled to absolute immunity with respect to his decision not to prosecute. *See Ying Jing Gan*, 996 F.2d at 530 ("A prosecutor [] has absolute immunity in connection with the decision whether or not to commence a prosecution.").

### C. Rule 12(b)(6) Motions.

#### 1. Mr. Bachus and Mr. Hessler's Motion to Dismiss in the Alternative.

To the extent Mr. Levesque brings suit against Mr. Bachus and Mr. Hessler in their individual capacities for conduct that occurred while serving as Mr. Levesque's state-appointed public defenders, the Amended Complaint does not state a claim upon which relief can be granted. Mr. Levesque brings his constitutional claims pursuant to 42 U.S.C. § 1983. He alleges that Mr. Bachus and Mr. Hessler "refused to give [him] a trial" (Doc. 13 at 13) and "kept getting judges to order [him] to go to [Howard Center]." (Doc. 13 at 24.) However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding claims against public defender not actionable pursuant to § 1983). Because Mr. Levesque's claims against Mr. Bachus and Mr. Hessler arise from their conduct as his public defenders, the Amended Complaint fails to allege the essential element of state action. Accordingly, even if the court did not lack subject matter jurisdiction, Mr. Bachus and Mr. Hessler would be entitled to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

#### 2. WCSD's Motion to Dismiss.

WCSD moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), correctly pointing out that the Amended Complaint does not allege that WCSD participated in any of the events described or violated Mr. Levesque's constitutional rights. Because the Amended Complaint contains no factual allegations against WCSD that could give rise to a claim for relief, WCSD's motion to dismiss is GRANTED. Fed. R. Civ. P. 12(b)(6); *see also Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("where the complaint names a defendant in the caption but contains no allegations

indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (citations omitted).

### 3.   Burlington Mayor's Office's, BPD's, and Senator Sanders's Motions to Dismiss.

Burlington Mayor's Office and BPD move to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Senator Sanders seeks dismissal on the same grounds. He argues in the alternative that he could not have participated in the conduct alleged in 1990 because he was not the Mayor of Burlington at that time. All three Defendants argue that Mr. Levesque's factual allegations, which arise from the same set of facts and circumstances, are insufficient to state a legal claim against them. The court agrees.

Mr. Levesque alleges that in 1990, BPD, the Burlington Mayor's Office, and Senator Sanders, (in his capacity as Burlington's former Mayor,) refused to investigate or prosecute his report that a woman had assaulted him. Mr. Levesque alleges that when he reported the assault to BPD, he encountered Sergeant Soychek; he does not allege anything further with respect to BPD. Mr. Levesque then allegedly spoke with a state prosecutor, Mr. Kline, about the assault. When Mr. Kline did not assist him, Mr. Levesque went to the Burlington Mayor's Office. Mr. Levesque alleges that Senator Sanders, who he "thinks" was the Mayor of Burlington at that time, would not see him and "no one would discuss the issue." (Doc. 13 at 8.)

Mr. Levesque presumably seeks to assert a failure to prosecute claim. However, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Because Mr. Levesque lacks any constitutionally-protected interest in pursuing a prosecution against the individual who allegedly attacked him, the BPD and the Burlington Mayor's Office's motion to dismiss and Senator Sanders's motion to dismiss are GRANTED. Fed. R. Civ. P. 12(b)(6). The court therefore does not reach Senator Sander's further argument that Mr. Levesque's claim against him is not plausible,

9

although the court takes judicial notice of the fact that Senator Sanders's final term as Mayor of the City of Burlington ended in April 1989 prior to the events alleged.

### 4.  Motions to Dismiss filed by SBPD, SPD, and Sergeant Soychek.

SBPD, SPD, and Sergeant Soychek move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that the facts alleged do not support any legal claims against them. The Amended Complaint alleges that in or around 1976, Sergeant Soychek, who is now employed by SBPD, and another youth, physically assaulted Mr. Levesque by inserting a stick in his rectum while they were in the basement of Mr. Levesque's mother's house. The Amended Complaint further alleges that Sergeant Soychek "went to a boy scout meeting" near Mr. Levesque's home in 1983. (Doc. 13 at 7.) On other, more recent occasions, Sergeant Soychek allegedly destroyed a video of an interaction between Mr. Levesque and other unnamed police officers, had a conversation with Mr. Levesque about a stolen cable television box, and "came to [Mr. Levesque's] home to arrest [him] for a warrant." *Id* at 12.  The Amended Complaint alleges that Sergeant Soychek acted under color of state law.

The Amended Complaint alleges that a different SBPD officer "told [Mr. Levesque that Sergeant Soychek] would never bother [him] again" (Doc. 13 at 7), and in 1995, Sergeant Soychek responded to a call Mr. Levesque made to SBPD when Mr. Levesque reported "a man pointing a gun at [him] and then pulling the trigger." (Doc. 13 at 9.) SBPD Officer Beers allegedly threatened Mr. Levesque to prevent him from complaining about Sergeant Soychek. (Doc. 13 at 14.) On a separate occasion, SBPD police officers allegedly brought Mr. Levesque to FAHC and "subjected" him to "the fraudulent [m]ental [h]ealth industry," because Mr. Levesque would not talk to them. Taken as a whole, the Amended Complaint alleges that SBPD and Sergeant Soychek conspired against Mr. Levesque for almost forty years with other law enforcement agencies and numerous mental health professionals and medical institutions providing Mr. Levesque's care. Mr. Levesque's claims against SPD allege that unnamed SPD officers charged Mr. Levesque with two or three "DWI"s in retaliation for speaking up about Sergeant Soychek.

The factual allegations set forth in the Amended Complaint against these Defendants are not facially plausible as required by *Iqbal* and *Twombly*. *See Twombly*, 550 U.S. at 570 ("[P]laintiffs here have not nudged their claims across the line from conceivable to plausible."). The Supreme Court has explained that a complaint must do more than create the inference of "the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (district court may dismiss *in forma pauperis* complaint *sua sponte* where allegations are "fanciful," fantastic," or "delusional") (citation omitted). Moreover, "the courts have no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (affirming dismissal where complaint alleging 9/11 conspiracy based on "a series of unsubstantiated and inconsistent allegations" was not plausible). Without factual allegations that give rise to a plausible claim for relief, there is no legal basis for Mr. Levesque's claim that Sergeant Soycheck, SBPD, or SPD systematically conspired against him to violate his constitutional rights. *See Twombly*, 550 U.S. at 545 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.") Accordingly, SBPD, SPD, and Police Sergeant Soychek's motion to dismiss is GRANTED. Fed. R. Civ. P. 12(b)(6).

### 5. FAHC's Motion to Dismiss.

FAHC moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Mr. Levesque alleges that SBPD took him to FAHC, "because [he] would not talk to them." (Doc. 13 at 15.) He alleges he was "threatened into a cat scan for refusing to speak with the likes of those who would associate themselves with a [pedophile,] a child sodomizer." *Id*. at 16. FAHC argues that any allegations of wrongful conduct are directed at SBPD and do not identify FAHC as an entity that caused Mr. Levesque's injury as alleged. Because the Amended Complaint does not specify who allegedly threatened Mr. Levesque, nor does it explain the nature of the threats or any resulting harm, it is purely speculative as to whether the allegations are directed to FAHC. Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Here, that standard has not

been met.  Because Mr. Levesque fails to state a claim against FAHC for which relief
may be granted, dismissal is warranted under Rule 12(b)(6).  Even if these allegations
could be construed as pertaining to FAHC, the Amended Complaint does not allege
plausible facts necessary to support any claims against this entity.  Accordingly, FAHC's
motion to dismiss is GRANTED.  Fed. R. Civ. P. 12(b)(6).

### 6.   RRMC's Motion to Dismiss.

RRMC moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a
claim, or in the alternative, moves for summary judgment pursuant to Fed. R. Civ. P. 56,
arguing that the facts alleged do not support a legal claim.  The Amended Complaint
alleges, "[Mr. Levesque] was . . . kidnapped and brought to [RRMC] who refused to
release [him] unless [he] talked to a snake oil sales man whose industry is fraud[,] plain
and simple."  (Doc. 13 at 16.)  Mr. Levesque allegedly "was stranded in Rutland after
being released, and forced to bite [his] tongue to be released."  *Id.* at 17.  To the extent
these allegations apply to RRMC, they are fanciful and lack plausible content necessary
to support a legal claim against RRMC.  RRMC's motion to dismiss is GRANTED.  Fed.
R. Civ. P. 12(b)(6).

### 7.   Mr. Wolford and Dr. Steingard's Motions to Dismiss.

Mr. Wolford and Dr. Steingard each move to dismiss for failure to state a claim
pursuant to Fed. R. Civ. P. 12(b)(6).  Both argue that the facts alleged do not support any
legal claims against them.  Because the allegations against both Defendants arise from
their employment with Howard Center, they are addressed together.

The Amended Complaint alleges that Mr. Wolford and Dr. Steingard are or were
employed by Howard Center.  With respect to Mr. Wolford, the Amended Complaint
alleges that in 1990, a "friend" of Mr. Levesque's "insisted [he] sign a deal for [his]
protection" with Mr. Wolford.  (Doc. 13 at 19.)  Mr. Wolford or Howard Center then
allegedly "refused to honor the deal [to protect him]," "murdered [his] children with their
deranged thinking, advice[,] and poisonous pills for profit," and sent someone to his
home.  *Id.*  With respect to Dr. Steingard, the Amended Complaint alleges that as the
Director of Howard Center, she "performed an [illegal] abortion" and "refused to honor

the order to protect [him]." *Id.* at 23. Dr. Steingard and others allegedly made up "several [lies] to protect their [occult]." *Id.* at 22. The only specific facts alleged with regard to either Defendant are fanciful and implausible and fail to state a claim upon which relief may be granted. *See Denton*, 504 U.S. at 32-33 (1992) (dismissal appropriate where allegations are "fanciful," fantastic," or "delusional") (citation omitted). Accordingly, Mr. Wolford's motion to dismiss and Dr. Steingard's motion to dismiss are GRANTED. Fed. R. Civ. P. 12(b)(6).

### D.    Howard Center's Motion for a More Definite Statement.

Howard Center moves for a more definite statement, pursuant to Fed. R. Civ. P. 12(e), arguing the Amended Complaint's three passing references to Howard Center actually refer to the conduct of other Defendants, leaving Howard Center unable to respond. The court agrees. The only references to Howard Center in the Amended Complaint are the allegations against Howard Center's alleged employees, Mr. Wolford and Dr. Steingard. The court has already concluded that the Amended Complaint does not state a legal claim entitling Mr. Levesque to relief with respect to Mr. Wolford or Dr. Steingard, and therefore, the Amended Complaint does not state a legal claim with respect to Howard Center either. Howard Center's motion for a more definite statement is DENIED AS MOOT, and all claims against Howard Center are DISMISSED. Fed. R. Civ. P. 12(b)(6).

### E.    Leave to Amend.

Complaints by self-represented parties "should not be dismissed without granting leave to amend at least once." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). However, "dismissal without leave to amend is proper where . . . prior leave to amend was generously extended and the successive pleading remains prolix and unintelligible." *Strunk v. United States House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (*citing Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). The court granted Mr. Levesque leave to amend his original complaint to expand upon his First Amendment court access claim.

The Amended Complaint resembles the original Complaint only to the extent that it alleges a broad conspiracy to violate Mr. Levesque's constitutional rights. Like the original Complaint, the Amended Complaint lacks plausible factual allegations necessary to support Mr. Levesque's claims, asserts claims over which the court lacks subject matter jurisdiction, or asserts fanciful claims based upon dated events with unidentified actors conspiring to cause unspecified injuries. This conclusion is underscored by Mr. Levesque's prayer for relief. He seeks reinstatement of his driver's license, a pardon, medical marijuana, and an end to his "exile from Vermont," together with damages of $100 million and $1.6 trillion in "lost revenue," which have no relationship to his claims. The court concludes that repleading these same claims with additional detail would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). Accordingly, the court does not grant leave to amend.

## CONCLUSION

For the reasons set forth above, DHS's Motion to Dismiss for Failure to Establish a Waiver of Sovereign Immunity and Failure to State a Claim (Doc. 79) is GRANTED; State Defendants' Second Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 80) is GRANTED; WCSD's Motion to Dismiss for Failure to State a Claim (Doc. 34) is GRANTED; the City of Burlington's Motion to Dismiss for Failure to State a Claim (Doc. 35) is GRANTED; RRMC's Motion to Dismiss for Failure to State a Claim (Doc. 41) is GRANTED; SPD, SBPD, and Mr. Soychek's Motion to Dismiss for Failure to State a Claim (Doc. 45) is GRANTED; Senator Sanders's Motion to Dismiss for Failure to State a Claim (Doc. 67) is GRANTED; FAHC's Motion to Dismiss for Failure to State a Claim (Doc. 69) is GRANTED; Mr. Wolford's Motion to Dismiss for Failure to State a Claim (Doc. 74) is GRANTED; and Dr. Steingard's Motion to Dismiss for Failure to State a Claim (Doc. 76) is GRANTED. Howard Center's Motion for a More Definite Statement (Doc. 47) is DENIED AS MOOT.

14

All claims against Burlington Mayor's Office, South Burlington Police Department, Burlington Police Department, Shelburne Police Department, Fletcher Allen Health Care, Rutland Regional Medical Center, Howard Center, Washington County Sheriff's Department, Edward Soychek, Bernie Sanders, Mr. Robert Wolford, Dr. Sandra Steingard, Public Defender's Office VT, Supreme Court of VT, Vermont Attorney General's Office, Vermont State Police, Vermont Governor's Office, United States Department of Homeland Security, Scott Kline, Public Defender Bachus, and Public Defender Hessler are DISMISSED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of September, 2014.

Christina Reiss, Chief Judge
United States District Court